## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | | |
|---|---|---|
| Adonis Hewlett, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:14cv1352 (TSE/TCB) |
| | ) | |
| Riverside Regional Jail Authority, <u>et al.</u>, | ) | |
|     Defendants. | ) | |

MEMORANDUM OPINION

Adonis Hewett, a Virginia inmate proceeding <u>pro se</u>, has filed a civil rights complaint

pursuant to 42 U.S.C. § 1983, essentially alleging deliberate indifference to his serious medical

needs. Plaintiff has moved to proceed <u>in forma pauperis</u> in this action. After reviewing

plaintiff's complaint, the claim must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for

failure to state a claim.[1]

### I.

Plaintiff is an inmate confined at the Riverside Regional Jail ("RRJ"). Plaintiff alleges

---

[1] Section 1915A provides:

> (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
> > (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

1

that he suffers from "massive congestion ... in [his] throat" caused by allergies. However, despite

receiving several grievances from plaintiff regarding his condition, the medical staff at RRJ

allegedly "hasn't properly diagnosis [sic] and treated [his] medical issue." Compl. at 5. It

appears that the named defendants are the Riverside Regional Jail Authority and its medical

department. Compl. at 2. Plaintiff seeks an award of monetary damages.

## II.

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint

that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C.

§ 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is

determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."

Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed

true, and the complaint should be dismissed only when "it is clear that no relief could be granted

under any set of facts that could be proved consistent with the allegations." Hishon v. King &

Spalding, 467 U.S. 69, 73 (1984). To survive a 12(b)(6) motion, "a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

Ashcroft v. Iqbal, 556 U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." Id. However, "[t]hreadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice" to meet this standard, id., and a

plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative

level...". Twombly, 550 U.S. at 55. Moreover, a court "is not bound to accept as true a legal

2

conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1949-1950.

Courts may also consider exhibits attached to the complaint. United States ex rel.
Constructors, Inc. v. Gulf Ins. Co., 313 F. Supp. 2d 593, 596 (E.D. Va. 2004). Where a conflict
exists between "the bare allegations of the complaint and any attached exhibit, the exhibit
prevails." Id. at 596 (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462,
1465 (4th Cir.1991)).

### III.

Plaintiff does not specify the constitutional protection he believes has been violated by
the situation he describes, but in deference to his pro se status the Court will assume that plaintiff
intends to invoke his rights under the Eighth Amendment.[2]  To state a cognizable Eighth
Amendment claim for denial of medical care, a plaintiff must allege facts sufficient to show that
jail officials were deliberately indifferent to a serious medical need. Estelle v. Gamble, 429 U.S.
97, 105 (1976); Staples v. Va. Dep't of Corr., 904 F.Supp. 487, 492 (E.D.Va. 1995). Thus,
plaintiff must allege two distinct elements to state a claim upon which relief can be granted.
First, he must allege a sufficiently serious medical need. See, e.g., Cooper v. Dyke, 814 F.2d

---

[2]To state a cause of action under § 1983, a plaintiff must allege facts indicating plaintiff was
deprived of rights guaranteed by the Constitution or laws of the United States. See West v. Atkins,
487 U.S. 42 (1988). Therefore, plaintiff's allegations that defendants committed torts such as
negligent infliction of emotional distress, negligent hiring, and medical malpractice, Compl. at 5,
even if true, do not state a basis for relief under § 1983. In deference to plaintiff's pro se status, the
Court assumes that his reference to wishing to pursue "Section 1983 claims," id., was intended to
invoke his applicable constitutional rights. It is unclear whether plaintiff is a pretrial detainee or a
convicted prisoner. Claims of pretrial detainees are governed by the due process clause of the
Fourteenth Amendment.  Riley v. Dorton, 115 F.3d 1159 (4th Cir.), cert. denied, 522 U.S. 1020
(1997).  It is well established, however, that the due process rights of a pretrial detainee are at least
as great as the Eighth Amendment protections available to a convicted prisoner. Slade v. Hampton
Roads Regional Jail, 407 F.3d 243, 250 (4th Cir. 2005). Therefore, the Eighth Amendment standard
is discussed here.

3

941, 945 (4th Cir. 1987) (determining that intense pain from an untreated bullet wound is sufficiently serious); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978) (concluding that the "excruciating pain" of an untreated broken arm is sufficiently serious). Second, he must allege deliberate indifference to that serious medical need. Under this second prong, an assertion of mere negligence or even malpractice is not enough to state an Eighth Amendment violation; instead, plaintiff must allege deliberate indifference "by either actual intent or reckless disregard." Estelle, 429 U.S. at 106; Daniels v. Williams, 474 U.S. 327, 328 (1986);  Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). The prisoner must demonstrate that defendant's actions were "[s]o grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Id. (citations omitted). Importantly, a prisoner's disagreement with medical personnel over the course of his treatment does not make out a cause of action. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam); Harris v. Murray, 761 F. Supp. 409, 414 (E.D. Va. 1990).

Here, taking all of plaintiff's allegations as true, he fails to state an actionable Eighth Amendment claim for the denial of medical care. As to the first component of such a claim, a condition is sufficiently serious to merit constitutional protection if it is "a condition of urgency, one that may produce death, degeneration, or extreme pain." Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994). Here, plaintiff's self-described condition of congestion caused by allergies does not appear to meet this standard. See, e.g., Sledge v. Kooi, 564 F.3d 105 (2d Cir. 2009) (allergies and asthma did not constitute a "serious medical need" on which to premise an Eighth Amendment claim of deliberate indifference); Slater v. Lemens, 400 Fed. App'x 109, 2010 WL 4561341 (7th Cir. Nov. 10, 2010) (dismissal of § 1983 complaint affirmed where prisoner

4

alleged deliberate indifference only to "minor maladies" of allergies, skin irritation, and nasal

pain); Peters v. Berghuis, 2009 WL 261387 (W.D.Mich. Feb. 3, 2009) (headaches and

congestion due to alleged lack of proper ventilation was not "the sort of serious medical

condition that would implicate the Eighth Amendment"); Davidson v. Scully, 2001 WL 963965

at *5 (S.D.N.Y. Aug. 22, 2001) (common seasonal allergies causing congestion, headaches and

earaches did not constitute serious medical need under the Eighth Amendment).

Here, however, even if plaintiff's condition were deemed to be sufficiently serious to

warrant constitutional protection, his claim founders on the second component of a viable Eighth

Amendment claim, because his own allegations and exhibits belie any inference that officials at

RRJ were deliberately indifferent to his allergy-induced congestion. In his "Summary of Events,"

plaintiff states that his condition has persisted for eighteen months, during which time the RRJ

doctors have provided him with "several medications" but "nothing has resolve[d his] issue." Id.

at 1.

Attached to the complaint as exhibits are several grievance forms plaintiff has submitted

regarding his condition. On August 5, 2014, plaintiff stated that during his incarceration at  RRJ

he has been suffering from "some type of allergy that has caused me to have a lot of congestion

inside my lungs." Although he had been "place[d] on several different medication[s] ... nothing

[was] resolving [his] issue." Plaintiff requested to be sent to an outside specialist for treatment.

On August 7, 2014, Mrs. Reedy responded that it was within the discretion of the facility's

doctor to determine whether plaintiff needed to see a specialist, and "[a]t this time he doesn't feel

there is a need." She continued that plaintiff had been seen by a nurse practitioner whose

assessment revealed "normal ear, nose and throat with clear lungs." The nurse practitioner

ordered an inhaler and Singulair for plaintiff, and Mrs. Reedy advised him to "give the meds sufficient time to work. Also, keep in mind that you may purchase Claritin from the commissary."

On August 19, 2014, plaintiff addressed another grievance to Mrs. Reedy, stating again that he had been taking medications for the 16 months he had been incarcerated at RRJ but "nothing [was] helping with [his] issue." Plaintiff explained that he had "a lot of congestion hanging around in [his] throat," and he stated again that RRJ staff "needs to address [the] issue with an outside physician because they aren't capable for handling my allergic condition." On August 21, 2014, Mrs. Reedy replied that "Dr. Baahye has ordered medication for your issue. His order was dated 8/14/14" and plaintiff "received [his] first dose on 8/16/14." Mrs. Reedy advised plaintiff to "[g]ive the medication time to work to combat [the] issue. If after a while you do not improve place a sick call slip in to see the doctor for another review and possible treatment."

In a grievance dated August 25, 2014, plaintiff stated that RRJ staff had "a very poor record of medication that has been order[ed] for inmates." According to plaintiff, the nurse practitioner ordered Singulair for his congestion and allergies on July 28, 2014, but it still had not arrived, and plaintiff stated that "someone" clearly needed to keep an account of medication orders "so that this error never happens again." On August 28, 2014, Officer B. Hudson responded that plaintiff "still ha[d] Claritin ordered but it is PRN" so plaintiff would "have to request it from pill cart." Medical was "waiting for approval for the Singulair as it is not a formulary medication."

On September 25, 2014, plaintiff directed a grievance to Major Upshaw. In reiterating

the same complaints from his earlier grievances, plaintiff stated: "During my stay here I have been place [sic] on several different types of medication and nothing resolve [sic] my issue. On Friday 8-29-14, I wrote request form to see the Doctor, I was seen by the Doctor on Wednesday 9-3-14. Medication was order [sic] and I have taken the medication as required to do so. However, my issue hasn't been resolve [sic]." That same day, Officer Hudson responded that the issue was not grievable, and that if the medication was not working for plaintiff he should place another sick call slip.

In his "Summary of Events," plaintiff states on Thursday, October 2, 2014, he was seen by the RRJ doctor, who said that plaintiff had been prescribed all the available medication that the jail has to offer. The doctor advised plaintiff to keep taking his current medication, although the doctor allegedly is aware that the medication has not corrected plaintiff's issue. Id. at 3.

Based upon plaintiff's own statements and submissions, it is apparent that the personnel at RRJ have not been deliberately indifferent to his medical condition. To the contrary, plaintiff has been seen by medical staff on several occasions, as outlined above, and by his own admission he has received several different medications as well as an inhaler. Such medical care was clearly not "[s]o grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." The fact that plaintiff obviously feels that he should be sent to see an outside physician amounts to no more than a disagreement with RRJ's medical personnel over the course of his treatment, which as a matter of law does not support an Eighth Amendment claim. Wright, 766 F.2d at 849. Under such circumstances, plaintiff has stated no cause of action for deliberate indifference, and his claim must be dismissed for failure to state a claim.

7

**IV.**

For the foregoing reasons, the complaint must  be dismissed for failure to state a claim pursuant to § 1915A. Plaintiff's application to proceed in forma pauperis accordingly must be denied, as moot.  An appropriate Order shall issue.

Entered this __23rd__ day of _____October_____ 2014.

Alexandria, Virginia

_____
T. S. Ellis, III
United States District Judge

8